IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, INC., | PLAINTIFF/COUNTER-DEFENDANT, |
| VS. | CIVIL ACTION NO. 3:03CV104-P-A |
| CALVIN YATES, | DEFENDANT/COUNTER-PLAINTIFF. |

## ORDER

This matter comes before the court upon State National Insurance Company, Inc.'s Renewed Motion for Summary Judgment [44-1]. Upon due consideration of both the original and renewed motions and their supporting briefs as well as the responses filed thereto, the court finds as follows, to-wit:

On May 27, 2004 State National filed this action pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a). State National seeks a declaration that they were correct in denying coverage to their insured regarding what State National deemed was not a covered "occurrence" but rather an excluded intentional act.

Calvin Yates, a logger, purchased a commercial liability insurance policy from State National. The insurance agreement provides, in pertinent part, that State National

> will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies .... This insurance applies to "bodily injury" and "property damage" **only if** ... [t]he "bodily injury" or "property damage" is caused by an "**occurrence**" .... [An occurrence is defined as] [a]n **accident**, including continuous or repeated exposure to substantially the same general harmful

1

conditions. ... This insurance **does not apply** to ... "bodily injury" or "property damage" expected or **intended from the standpoint of the insured**.....

(emphasis added).

During November 2001 Calvin Yates cut timber on real property collectively owned by Ora B. Glass, Wiley A. Glass, Aaron Lee Glass and their sister Fannie J. Price. It is undisputed that when Yates entered the contract with the Glasses, he had no knowledge of Fannie Price's ownership of the subject timber. After the timber was cut, Price sued her brothers, Yates, and others alleging *inter alia* that Yates cut the timber without her consent. Regarding her allegations against Yates, Price's complaint states in relevant part:

> [Calvin Yates] did willfully, without the consent of the owner [Fannie Price], and in reckless disregard for the rights of the owner, cut or cause to have the timber on the said property ....

Based on this allegation, State National refused to defend and indemnify Yates.

The material facts in this case are not in dispute. Again, neither party disputes that Yates had no knowledge that Price also owned the subject timber. Incidentally, however, neither party disputes that Yates failed to check the title to the subject property for the true owners – something that should be, and usually is, a given in the logging industry. What is in dispute is a relatively simple question of law: Does it matter whether Yates intentionally cut the trees without Price's consent? After thoroughly reviewing the applicable case law, apparently and somewhat paradoxically, the answer is no in Mississippi.

In other words, the dispositive issue presented is whether under Mississippi law an "occurrence" as defined by the subject liability policy refers to the unintended consequences of the act of cutting the trees or whether "occurrence" refers to the underlying act of cutting the

2

trees itself. State National argues the latter, Yates the former. Binding case law proves State National correct: In this case, a covered "occurrence" under the subject liability insurance policy refers to the underlying act of actually cutting the trees, not the unintended consequences thereof. *ACS Construction Company Inc. of Mississippi v. CGU*, 332 F.3d 885, 888 (5th Cir. 2003) (citing *Fidelity & Guar. Co. v. Omnibank*, 812 So.2d 196 (Miss. 2002)).

Thus, under the Fifth Circuit's binding decision in *ACS Construction*, this court must grant summary judgment in favor of State National since the subject policy only covers "occurrences" that are "accidents" and it is undisputed that it was no accident that Yates actually cut the trees. As cited above, the policy states that coverage "does not apply to ... 'property damage' expected or intended from the standpoint of the insured...." Yates damaged Price's property by intentionally cutting the timber. According to the Mississippi Supreme Court's decision in *Omnibank* upon which the Fifth Circuit's decision in *ACU Construction* is based, it does not matter whether Yates intended to wrongfully damage Price's property. What matters is "whether ... the chain of events leading to the injuries complained of were set in motion and followed a course consciously devised and controlled by [the insured] without the unexpected intervention of any third person or extrinsic force." *Omnibank*, 812 So.2d at 200.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) State National Insurance Company, Inc.'s Renewed Motion for Summary Judgment [44-1] is hereby **GRANTED**; accordingly,

(2) The subject liability insurance policy between Calvin Yates and State National Insurance Company, Inc. does not require State National to defend or indemnify Yates for damages or fees incurred stemming from Fannie Price's allegation that Yates cut the timber

partly owned by her without her consent or in reckless disregard of her rights; therefore,

    (3) This case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this the 5th day of May, A.D., 2005.

                                         /s/ W. Allen Pepper, Jr.
                                         W. ALLEN PEPPER, JR.
                                         UNITED STATES DISTRICT JUDGE